# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JOHN BRENT DUSSEAU                                                                            PLAINTIFF
ADC #661854

v.                                            3:20-cv-00211-JM-JJV

STATE OF ARKANSAS, *et al*.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Plaintiff John Brent Dusseau ("Plaintiff") is incarcerated at the Sharp County Detention Center awaiting transport to the Arkansas Department of Corrections. On July 22, 2020, he filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He sued the State of Arkansas; the Arkansas Supreme Court; Sharp County Sheriff Mark Counts; Sharp County Jail Administrator Serena Martin; Judges Michelle Huff and Harold Erwin; Prosecuting Attorney Henry Boyce; and Deputy Prosecuting Attorneys Ryan Cooper and Joe Grider, III; he sued all Defendants in their personal and official capacities.[1]  (*Id.* at 1-8.)  Plaintiff's incarceration at the Sharp County Detention Center and his *in forma pauperis* status triggered automatic screening of his Complaint.

---

[1] Fourteen other individuals filed the same Complaint. Those cases are: *Neal v. State of Arkansas, et al.*, 3:20-cv-200 (E.D. Ark.); *Henson v. State of Arkansas, et al.*, 3:20-cv-00201 (E.D. Ark.); *Stafford v. State of Arkansas*, 3:20-cv-00202 (E.D. Ark.); *Ray v. State of Arkansas*, 3:20-cv-00203 (E.D. Ark.); *Kelly v. State of Arkansas*, 3:20-cv-00204 (E.D. Ark.); *Krumm v. State of Arkansas*, 3:20-cv-00205 (E.D. Ark.); *Schuldheisz v. State of Arkansas*, 3:20-cv-00206 (E.D. Ark.); *Daniel v. State of Arkansas*, 3:20-cv-00207 (E.D. Ark.); *Roberts v. State of Arkansas*, 3:20-cv-00208 (E.D. Ark.); *Mask v. State of Arkansas*, 3:20-cv-00209 (E.D. Ark.); *Penix v. State of Arkansas*, 3:20-cv-00210 (E.D. Ark.); *Kennedy v. State of Arkansas*, 3:20-cv-00212 (E.D. Ark.); *Bunch v. State of Arkansas*, 3:20-cv-00213 (E.D. Ark.); and *Guthrie v. State of Arkansas*, 3:20-cv-00214 (E.D. Ark.).

*See* 28 U.S.C. § 1915; 28 U.S.C. § 1915A.  Upon initial screening, I advised Plaintiff that his Complaint failed to state a claim upon which relief may be granted and explained why.  (Doc. No. 6.)  I gave Plaintiff the chance to file a superseding Amended Complaint, which he did on September 2, 2020.  (Doc. Nos. 6, 7).

In his Amended Complaint, Plaintiff sued the State of Arkansas; the Arkansas Supreme Court; Judges Michelle Huff and Harold Erwin; Prosecuting Attorneys Henry Boyce, Joe Grider, III, and Ryan Cooper; Sharp County Sheriff Mark Counts; Jail Administrator Selena Martin; Jailers Bobby Glenn and Sloan Lane; and the Arkansas Department of Corrections.  (Doc. No. 7.) He sued all Defendants in their personal and official capacities.[2]  (*Id*. at 4.)

Plaintiff alleges:

Covid-19 - March 2020 to present; a.k.a. Covid-Virus; quarantined not possible in Sharp County Detention Center, Sharp County, Ash Flat, AR 72513; March 2020 to present; Grievances May 8, 2020, August 7, 2020, August 19, 2020; bio-hazard – crimes against humanity; exposure to Covid-19 virus eminent – August 7, 2020 – person family member tested (+) for Covid-19 (relative-sister); May 8, 2020; masked – first given to detainees on June 28, 2020 (March 16, 2020); exposure – detainee sister tested (+) Covid-19 in Kansas City was around her – May 8.

(*Id*. at 8-9.)

He then asserts that "do to the negligence of the State of Arkansas and the Courts and Sharp County Detention Center and any and all [personnel]," his mental, physical, and emotional health has been put at risk.  (*Id*. at 9).  Plaintiff refers the Court to grievances he filed along with his original complaint.  (*Id*.)  Of those grievances, Plaintiff submitted two.  The first one, dated May 8, 2020, reads: "Do to Covid 19-virus, and Sharp County refusal to protect me, I fear for my health

---

[2] The Amended Complaint names 15 individuals as Plaintiffs: Plaintiff, along with same additional 14 individuals mentioned above in connection with the original Complaint.

and my life. This virus is more deadly than HIV because you have to exchange bodily fluids. This is air borne." (Doc. No. 1 at 18.) The second grievance reads:

> A detainee was brought in early morning hours of @ June 27 that had been around someone (his sister) that tested positive for Covid 19 from Kansas City. Bobby Glen served breakfast to all detainees with no gloves or mask wile expodure was in holding cell up front in the booking area. I was not sentenced to a possible death sentence and I fear for my life and health cause u can die from it..

(*Id*. at 24.)

Plaintiff also alleges that "do to the negligence of State of Arkansas Department of Corrections put my health mentally, physically, and emotionally, and life have been put at risk." (Doc. No. 7 at 9.) Plaintiff then refers the Court again to his second grievance, as well as pleadings in another case. Plaintiff seeks damages. (*Id*. at 11).

**II.    SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighed in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even

been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

As explained in more detail below, Plaintiff's fails to state a § 1983 claim on which relief may be granted.

#### A.   Arkansas Supreme Court and Arkansas Department of Corrections

Plaintiff filed suit under 42 U.S.C. § 1983 naming the Arkansas Supreme Court and Arkansas Department of Corrections, among others, as Defendants. Neither the Arkansas Supreme Court nor Department of Corrections, however, are "persons" subject to suit under § 1983. *See, for example, McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (internal citations omitted). Plaintiff's claims against the Arkansas Supreme Court and Arkansas Department of Corrections fail as a matter of law and should be dismissed.

#### B.   Negligence Claims Against the State of Arkansas and Sharp County Fail under § 1983

Plaintiff alleges the negligence of the State of Arkansas and Sharp County put his mental, physical, and emotional health at risk. (Doc. No. 7 at 9.) When Plaintiff was given the chance to amend his Complaint, I warned him that "[m]ere negligence is not sufficient to support a cause of action under § 1983." (Doc. No. 6 at 6) (*quoting Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993)). Because Plaintiff alleged only negligence, he failed to state a claim against the State of Arkansas and Sharp County.

### C. Claims on Behalf of Others

To the extent Plaintiff's Complaint makes claims on behalf of other inmates, *pro se* litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994). Because Plaintiff is a not a lawyer, any effort by him to represent others is improper.

### D. Personal Capacity Claims

Remaining are Plaintiff's claims against Defendants State of Arkansas, Martin, Huff, Erwin, Grider, Boyce, Counts, Cooper, Glenn, and Lane. Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

#### 1. No Allegations Against Defendants Martin, Huff, Erwin, Grider, Boyce, Counts, Cooper, Glenn, and Lane

Plaintiff included Martin, Huff, Erwin, Grider, Boyce, Counts, Cooper, and Lane as Defendants, but he made no allegations against them. When I explained the deficiencies in

Plaintiff's Compliant, I advised him that "[b]are allegations void of factual enhancement are insufficient to state a claim for relief under § 1983." (Doc. No. 6 at 6) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Still, Plaintiff made no allegations against these Defendants in his Amended Complaint. Because Plaintiff failed to include any factual allegations against Defendants Martin, Huff, Erwin, Grider, Boyce, Counts, Cooper, and Lane, his claims against them should be dismissed.

### 2.     Insufficient Allegations Against Defendant Glenn

Plaintiff's allegations against Defendant Glenn were set out in his second grievance:

> A detainee was brought in early morning hours of @ June 27 that had been around someone (his sister) that tested positive for Covid 19 from Kansas City. Bobby Glen served breakfast to all detainees with no gloves or mask wile expodure was in holding cell up front in the booking area. I was not sentenced to a possible death sentence and I fear for my life and health cause u can die from it.

(*Id*. at 24.)

Plaintiff is a convicted prisoner housed at Sharp County while awaiting transport to the Arkansas Department of Corrections. (Doc. No. 7 at 7.) To the extent Plaintiff made a conditions of confinement claim, the standard is deliberate indifference. *See, for example, Kulkay v. Roy*, 847 F.3d 637, 642-43 (8th Cir. 2017). Under the deliberate indifference standard, a plaintiff must establish that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the defendant knew of the risk but ignored it. *See Id*. Nothing in Plaintiff's Amended Complaint indicates the detainee was Covid-19 positive, and nothing indicates Defendant Glenn knew the detainee had been exposed to a Covid-19 positive relative. Further, Plaintiff complains of one occasion on which Defendant Glenn served breakfast without wearing gloves or a mask. This isolated incident does not support a deliberate indifference claim, but is more akin to

7

negligence—as discussed above, any official capacity claim also fails. *See, for example, Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 393 (8th Cir. 2007).

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims be dismissed without prejudice for failure to state a claim on which relief may be granted.

2. Plaintiff's Amended Complaint (Doc. No. 7) be dismissed without prejudice.

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE